UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CITIZENS INS. CO. OF AMERICA, <br>     *Plaintiff*, | ) <br> ) <br> ) | |
| *vs.* | ) <br> ) | 2:11-cv-072-JMS-WGH |
| MASSAGE WAREHOUSE, *et al.*, <br>     *Defendants.* | ) <br> ) <br> ) | |

## ORDER TO FILE JURISDICTIONAL STATEMENT

Plaintiff Citizens Insurance Company of America ("Citizens") filed a Complaint against Defendants Massage Warehouse ("Massage"), a division of Scrip, Inc. ("Scrip"); Charkit Chemical Corporation ("Charkit"); and Bon Vital, Inc. ("Bon Vital"), alleging that diversity jurisdiction exists over this matter. [Dkt. 1 at 2 ¶ 7.] Citizens asserts that the amount in controversy exceeds $75,000. [*Id.* at 2 ¶ 7.] Citizens alleges that it is a citizen of Michigan, while Massage is a citizen of Illinois, Charkit is a citizen of Connecticut, and Bon Vital is a citizen of Wisconsin. [*Id.* at 1-2.]

Each of the defendants has answered Citizens' Complaint. [Dkts. 21; 23; 31.] In its Answer, Bon Vital admits that it is a Wisconsin citizen, [dkt. 21 at 2 ¶ 3], but responds that it is without sufficient knowledge to admit or deny the citizenship of any other party or whether Citizens' claim exceeds $75,000, [*id.* at 1-2 ¶¶ 1, 2, 4, 7]. Accordingly, Bon Vital denies those allegations. [*Id.* at 1-2 ¶¶ 1, 2, 4, 7.]

Charkit admits that it is a Connecticut citizen and that Bon Vital is a Wisconsin citizen, [dkt. 31 at 1-2 ¶¶ 2, 3], but responds that it is without sufficient knowledge to admit or deny the citizenship of Citizens, the citizenship of Massage, or whether Citizens' claim exceeds $75,000,

[dkt. 31 at 1-2 ¶¶ 1, 4, 7]. Accordingly, Charkit denies each of those allegations. [*Id.* at 1-2 ¶¶ 1, 4, 7.]

Massage admits that Scrip, its parent company, is an Illinois citizen. [Dkt. 23 at 2 ¶ 4.] Massage does not respond to Citizens' allegation that <u>Massage</u> is an Illinois corporation with its principal place of business in Illinois, making Massage an Illinois citizen. [Dkt. 1 at 2 ¶ 4.] Massage responds that it is without sufficient information to admit or deny the citizenship of Citizens, the citizenship of Bon Vital, the citizenship of Charkit, or whether Citizens' claim exceeds $75,000. [Dkt. 23 at 1-2 ¶¶ 1, 2, 3, 7.]

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). Based on the parties' answers to Citizens' Complaint, the Court cannot determine whether it can exercise diversity jurisdiction over this case.

The Court **ORDERS** the parties to meet and confer, and conduct whatever investigation necessary, to determine whether this Court has diversity jurisdiction. If the parties agree that diversity jurisdiction is proper, they shall file a joint jurisdictional statement by **June 24, 2011** setting forth the basis for each of their citizenships and whether they agree that the amount in controversy exceeds $75,000, exclusive of interest and costs. If the parties cannot agree on their respective citizenships or the amount in controversy, any party who disagrees shall file a separate jurisdictional statement by **June 24, 2011** setting forth its view regarding the citizenship of each of the parties and the amount in controversy.

06/15/2011

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Michael J. Black
BLACK & MOSS, P.C.
mikeb@bdlaw.us

Geoffrey A. Bryce
BRYCE DOWNEY LLC
gbryce@brycedowney.com

Keith J. Hays
SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD.
kjhays@kopkalaw.com

Thomas C. Hays
LEWIS WAGNER LLP
thays@lewiswagner.com

Mickey J. Lee
STEWART & IRWIN P.C.
mlee@silegal.com

Lesley A. Pfleging
LEWIS WAGNER LLP
lpfleging@lewiswagner.com

Mary F. Schmid
STEWART & IRWIN
mschmid@stewart-irwin.com